≪JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Columbia Hospital at Medical City Dallas Subsidiary, L.P. d/b/a Medical City Dallas Hospital

**DEFENDANTS**
Legend Asset Management Corporation, Legend Asset Management Corporation Health Plan and Robbie L. Sebren

(b) County of Residence of First Listed Plaintiff __Dallas__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Tarrant__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael L. Hood, Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202; 214-651-5000

RECEIVED DEC 23 2003 CLERK U.S. DISTRICT COURT

Attorneys (If Known)
3-03CV-3040G

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Jdgm. | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☑ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 1132(a)(1)(B) —action to recover benefits; 29 U.S.C. § 1104(a)(1)(B)—action to recover for breach of fiduciary duty; 29 U.S.C. §§ 1024, 1025, 1132 (c)(1), and 1166—action for failure to provide information.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,835 and Penalties
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 12/23/03
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael L. Hood

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS HOSPITAL, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| LEGEND ASSET MANAGEMENT CORPORATION, LEGEND ASSET MANAGEMENT CORPORATION HEALTH PLAN and ROBBIE L. SEBREN | § § § § § § | 3-03CV-3040 |
| Defendants. | § § | |

FILED
DEC 23 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Columbia Hospital at Medical City Dallas Subsidiary, L.P. d/b/a Medical City Dallas Hospital, and files its Original Complaint against Defendants Legend Asset Management Corporation, Legend Asset Management Corporation Health Plan and Robbie L. Sebren, and for causes of action would respectfully show the Court the following:

### I.
### Parties

1. Plaintiff Columbia Hospital at Medical City Dallas Subsidiary, L.P. is a Texas limited partnership duly formed and existing under the laws of the State of Texas with its principal place of business located in Dallas, Dallas County, Texas.

2. Defendant Legend Asset Management Corporation is a Texas corporation doing business in the State of Texas, and may be served through its registered agent, Robbie L. Sebren, 2415 Avenue J, Suite 100, Arlington, Texas 76006.

3. Defendant Legend Asset Management Corporation Health Plan is an employee welfare benefit plan and may be served through its administrator and plan sponsor, Legend Asset Management Corporation, through its registered agent, Robbie L. Sebren, at 2415 Avenue J, Suite 100, Arlington, Texas 76006.

4. Defendant Robbie L. Sebren is an individual residing or working in Dallas County, Texas. She may be served with process at her place of employment, Legend Asset Management Corporation, at 2415 Avenue J, Suite 100, Arlington, Texas 76006.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the 29 U.S.C. § 1132(e)(1) because Plaintiff seeks relief from an employee welfare benefit plan as defined in 29 U.S.C. § 1002(3).

6. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because the Plan was administered in this district, the breach of the Plan occurred in this district, or Defendants reside or may be found in this district.

## III.
## FACTUAL BACKGROUND

7. <u>The Plan</u>. Legend Asset Management Corporation ("Legend Asset"), on information and belief, is in the business of real estate management in Arlington, Texas and normally employs 20 or more employees. Legend Asset sponsors the Legend Asset Management Corporation Health Plan (the "Plan") for its employees. The Plan has a contract with Aetna Health, Inc. ("Aetna"). On information and belief, Aetna provided insurance

coverage for the Plan and collected premiums for the Plan. Also on information and belief, the Plan lists Legend Asset as Plan Administrator. In any event, Legend Asset has acted in that capacity by controlling coverage decisions under the Plan. Legend Asset's control of the Plan also renders it a fiduciary for the Plan. Also on information and belief, Defendant Robbie L. Sebren ("Sebren") is the individual who administers the Plan for Legend Asset. In any event, Sebren has acted in that capacity by controlling coverage decisions for the Plan. Sebren's control of the Plan also renders her a fiduciary for the Plan.

8. <u>Eddy's Coverage Under the Plan</u>. Dawn Eddy ("Eddy") was an employee of Legend Asset. Eddy was enrolled in and participated in the Plan. On August 31, 2002, Legend Asset terminated Eddy's employment. Upon termination of her employment, Legend Asset failed to inform Eddy of her right to continue coverage under the Plan pursuant to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-69 ("COBRA"). Legend Asset also failed to inform Eddy of the terms of the COBRA coverage, including any deadlines for enrollment or premium payments. On September 25, 2002, Legend Asset notified Aetna that it had terminated Eddy's coverage under the Plan.

9. <u>Eddy's Failing Health</u>. On September 28, 2002, Eddy admitted herself into Medical City Dallas Hospital ("Medical City"). Medical City is a tertiary hospital in Dallas, Texas. Eddy suffered from a heart condition that required surgery.

10. <u>Eddy's Assignment of Rights and Benefits to Medical City</u>. Also on September 28, Eddy assigned to Medical City all her right, title, and interest in all benefits payable for the health care Medical City rendered to her. Medical City's assignment of rights and benefits includes, but is not limited to, all rights to collect benefits directly from the Plan for services Eddy received from Medical City and all rights to proceed against the Plan in any action,

including legal suit, if for any reason her Plan failed to make payment of benefits to which Eddy was due. The assignment and transfer of rights and benefits grants to Medical City an independent right of recovery against the Plan with respect to its decisions on eligibility, benefits coverage and claims adjudication.

11. <u>Eddy Made Her COBRA Coverage Election</u>. On October 11, shortly before her surgery, Eddy asked Legend Asset to send to her a COBRA election form, which it did. On October 14, Eddy completed the election form and returned it to Legend Asset. She returned the election form to Legend Asset by way of telecopy on October 14. Later that same day, Legend Asset forwarded Eddy's COBRA election form to Aetna. When contacted by Medical City personnel that same day, Aetna confirmed Eddy's coverage under the Plan. Accordingly, Eddy elected to continue coverage under the Plan pursuant to COBRA, and she was covered under the Plan pursuant to COBRA.

12. <u>Legend Asset's Denials of Eddy's Eligibility and Benefits</u>. On October 15, 2002, Legend Asset notified Aetna that it was denying Eddy's eligibility under the Plan. Legend Asset denied Eddy's coverage because she had allegedly failed to make her COBRA election in a timely manner. In fact, Eddy had made her COBRA election timely. Eddy's election was timely because she made her election within sixty (60) days after Legend Asset fired her. Legend Asset failed to provide adequate written notice of its denial to Eddy, Eddy's family, or Medical City.

13. <u>Eddy's Surgery and Coma</u>. On October 16, Dawn Eddy underwent surgery at Medical City. A few days later, she suffered cardiac arrest and slipped into a coma.

14. <u>Eddy's Daughter Contacts Legend Asset</u>. While Eddy was in a coma, no personal representative was appointed for her. Eddy's daughter, Jana Renee Vaughan ("Vaughan"), contacted Legend Asset to inquire about Eddy's COBRA coverage. Despite the fact that Eddy

remained in a coma, Legend Asset refused to respond to Vaughan. Legend Asset told Vaughan that without a Power of Attorney from her mother, Vaughn was not authorized to act on her mother's behalf. Of course, it was impossible for Vaughan to obtain a Power of Attorney from her mother since her mother was still in a coma.

15.     <u>Legend Asset Continues to Deny Eddy Eligibility</u>. In November and December 2002, Legend Asset still refused to recognize Eddy's eligibility under the Plan. It further argued that Eddy had allegedly failed to pay her COBRA premiums within 45 days of her COBRA election. However, Eddy had slipped into a coma several days after her COBRA election, and no personal representative had been appointed for her. Consequently, it was impossible for Eddy to pay her COBRA premiums during that time. At this time, Legend Asset had still not provided adequate written notice of its denial of coverage.

16.     <u>Legend Asset Represents that It Will Recognize Eddy's COBRA Coverage</u>. On December 5, 2002, Medical City contacted Legend Asset regarding Eddy's health insurance coverage. Legend Asset misrepresented to Medical City that Eddy's deadline for paying her COBRA premiums had expired on November 15. Nevertheless, Legend Asset represented to Medical City that it would reinstate Eddy if back payments for COBRA coverage were made on her behalf.

17.     <u>Aetna Reinstates Eddy</u>. On December 20, 2002, Medical City tendered payment to Aetna for premiums in the amount of $1,835.50, on behalf of Eddy, to pay for Eddy's COBRA coverage for 5 months. Aetna accepted Medical City's payment and reinstated Eddy's eligibility under the Plan.

18.     <u>Legend Asset's Change of Heart</u>. Legend Asset had a change of heart, however. Legend Asset took the position that if it reinstated Eddy, the Plan would be liable for her health

care costs which would drive up the costs of premiums. This is, of course, an improper and illegal reason to deny Eddy eligibility and violates both COBRA and the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et. seq.* ("ERISA").[1] Nevertheless, Legend Asset notified Aetna that it was not reinstating Eddy. Once more, Legend Asset failed to provide adequate written notice to Eddy, Eddy's family, or Medical City of its decision to deny Eddy coverage.

19.     <u>Eddy Signs a Power of Attorney</u>. Eddy came out of her coma on January 7, 2003. Eddy signed a General Power of Attorney (with Durable Provision) granting Vaughan power of attorney over her mother's affairs. In a letter dated January 9, 2003, Vaughan pleaded with Legend Asset to accept Medical City's previous payment of premiums and reinstate Eddy's COBRA coverage. Vaughan enclosed in her letter a copy of the Power of Attorney.

20.     <u>Aetna Rescinds Eddy's Reinstatement</u>. On January 10, 2003, Aetna sent a letter to Medical City stating that Aetna would not accept the tender of payments. Aetna stated that it did not have the authority to accept a payment for a claimant whose eligibility Legend Asset had denied. Aetna subsequently returned Medical City's premium payments.

21.     <u>Eddy Passes Away</u>. Unfortunately, Eddy passed away on January 27, 2003.

22.     <u>Legend Asset Ultimately Recognizes Eddy's Eligibility</u>. In mid-February 2003, after the United States Department of Labor intervened, Legend Asset once again reversed its position regarding Eddy's eligibility. On February 14, 2003, Legend Asset notified Medical City that it would reinstate Eddy's coverage retroactive to October 1, 2002 and terminating January 27, 2003, the day Eddy passed away. In a letter to Medical City, Legend Asset requested that Medical City remit $3,707.75, representing Eddy's COBRA premium payments, to Legend

---

[1] ERISA, 29 U.S.C. § 1182(a)(1) prohibits health status-based discrimination for eligibility or continued eligibility to enroll in a group health plan.

Asset, who would then in turn pay Aetna. On the same day, Legend Asset also sent a letter to Aetna notifying Aetna that it was reinstating Eddy's coverage and that it would forward payment of premiums to Aetna.

23.     *Medical City Tenders Premiums Again*. On February 19, Legend Asset sent another letter to Medical City, revising the amount of requested payment to $1,875.25 to pay Eddy's COBRA premiums. That same day, Medical City sent to Legend Asset, via overnight delivery, the requested $1,875.25 on Eddy's behalf. Legend Asset cashed Medical City's check and has never refunded the money.

24.     *Aetna Denies Eddy Eligibility*. Aetna has taken the position that Legend Asset allegedly failed to make the premium payments to Aetna. Aetna refuses to recognize Eddy's retroactive COBRA coverage. Legend Asset has not notified Eddy's family or Medical City in writing of any denial of Eddy's eligibility.

25.     *Eddy Never Received her Benefits under the Plan*. To date, Eddy, her estate, her family and her assigns have not received any benefits under the Plan despite the fact that (i) Eddy's health care was covered under the Plan; (ii) Eddy was eligible for COBRA coverage; (iii) Eddy timely elected COBRA coverage within 60 days of her termination; and (iv) Eddy timely paid her COBRA premiums within 45 days of her election (taking into account a tolling of the 45 days while she was in a coma, which was from October 18 to January 9).

26.     *Request for Information*. Written request was made to the Plan Administrator, Legend Asset and Sebren, on September 11, 2003, for copies of the Plan materials, including the summary plan description. Legend Asset was required to provide the requested materials within 30 days. Legend Asset failed to respond and, in fact, has never responded and never provided the requested Plan materials.

## IV.
## CLAIMS

**A.** **Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B).**

27. All the foregoing allegations are incorporated herein by reference for all purposes.

28. Medical City will show that, in making their decision to deny coverage, Legend Asset and Sebren abused their discretion as Plan administrators. Thus, the Plan, through Legend Asset and Sebren, wrongfully denied Eddy's eligibility, thereby denying Eddy benefits to which Medical City is now entitled.

29. Examples of the abuse of discretion on the part of Legend Asset and Sebren are numerous:

   a. Legend Asset and Sebren failed to act solely in the interest of Plan participants and beneficiaries in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A);

   b. Legend Asset and Sebren failed to administer the Plan in accordance with both governing documents and ERISA in violation of 29 U.S.C. § 1104(a)(1)(D);

   c. Legend Asset and Sebren failed to exercise care, prudence, and diligence in the performance of their duties in violation of 29 U.S.C. § 1104(a)(1)(B);

   d. Legend Asset and Sebren violated 29 U.S.C. §§ 1161-1162, by failing to provide continued coverage under the Plan as required by COBRA;

   e. Legend Asset and Sebren violated 29 U.S.C. § 1166 by failing to provide, at the time of commencement of coverage, written notice of the rights provided under COBRA; and

   f. Legend Asset and Sebren repeatedly violated 29 U.S.C. § 1133 by failing to provide adequate written notification of their decision to deny eligibility.

30. Eddy was eligible to receive benefits under the Plan. She timely elected to continue her enrollment in the Plan pursuant to COBRA. The medical conditions from which she suffered and the services provided by Medical City were covered health care services under the Plan. Her COBRA premiums were timely paid. Therefore, Eddy should have received benefits under the Plan for all the health care expenses she incurred in the time period from September 1, 2002 to January 27, 2003. To deny coverage under these circumstances was unreasonable and an abuse of discretion.

31. Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), Medical City, as a hospital provider of health services to Eddy and as assignee of Eddy, brings this suit against Legend Asset, Sebren and the Plan to recover the benefits wrongfully denied Eddy under the Plan. The charges for the services Eddy received from Medical City totaled $1,835,965.32.

32. In addition, Medical City seeks to recover reasonable costs and attorney's fees as provided in 29 U.S.C. § 1132(g)(1).

**B.**     **Breach of Fiduciary Duty Under 29 U.S.C. § 1104(a)(1)(B).**

33. All the foregoing allegations are incorporated herein by reference for all purposes.

34. Legend Asset and Sebren failed to exercise care, prudence and diligence in the performance of their duties under 29 U.S.C. § 1104(a)(1)(B) by, along with the conduct listed above, on information and belief failing to remit Eddy's premiums to Aetna to preserve Eddy's COBRA coverage.

35. In addition, Medical City seeks to recover reasonable costs and attorney's fees as provided in 29 U.S.C. § 1132(g)(1).

C.  **Failure to Provide Information Under 29 U.S.C. §§ 1024, 1025, 1132(c)(1) and 1166(1).**

36. All the foregoing allegations are incorporated herein by reference for all purposes.

37. Written request was made on September 11, 2003 for Legend Asset and Sebren to provide certain Plan information that Legend Asset and Sebren were obligated to provide pursuant to 29 U.S.C. §§ 1024, 1025 and 1166(1). Legend Asset and Sebren failed and refused to provide this information within 30 days of the request in violation of 29 U.S.C. § 1132(c)(1).

38. Employers that fail to provide compliant COBRA notices are liable up to $100 per day until provided.

39. Employers may also be subject to a $100 per day penalty for failure to provide plan materials upon written request.

40. Medical City brings this suit, pursuant to 29 U.S.C. § 1132(c)(1), to recover civil penalties from Legend Asset and Sebren for their failure to provide the information required under §§ 1024, 1025, 1132(c)(1) and 1166.

41. In addition, Medical City seeks to recover reasonable costs and attorney's fees as provided in 29 U.S.C. § 1132(g)(1).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Columbia Hospital at Medical City Dallas Subsidiary, L.P. d/b/a Medical City Hospital respectfully prays that Defendants Legend Asset Management Corporation, Legend Asset Management Corporation Health Plan and Robbie L. Sebren be cited to appear and answer herein, and upon final trial hereof, Medical City does have and recover of and from Legend Asset, the Plan and Sebren the following:

(1) Judgment for the recovery of benefits in the amount of $1,835,965.32;

(2) Judgment for the recovery of the maximum available civil penalties for failure to provide information under 29 U.S.C. §§ 1024, 1025, 1132(c)(1) and 1166(1);

(3) Judgment for reasonable attorney's fees;

(4) Judgment for all costs of Court expended in the pursuit of this action;

(5) Judgment for pre-judgment interest at the highest legal rate from the date due until the date of judgment;

(6) Judgment for post-judgment interest at the highest legal rate from the date of judgment until paid in full; and

(7) For such other and further relief, general or special, legal or equitable, to which Medical City may show itself entitled.

Respectfully submitted,

*[signature]*

MICHAEL L. HOOD
State Bar No. 09943435
STETT MATTHEW JACOBY
State Bar No. 24041175

HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

ATTORNEYS FOR PLAINTIFF COLUMBIA
HOSPITAL AT MEDICAL CITY DALLAS
SUBSIDIARY, L.P. D/B/A MEDICAL CITY
DALLAS HOSPITAL