

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS HOSPITAL, | § § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 3-03CV-3040G |
| LEGEND ASSET MANAGEMENT CORPORATION, LEGEND ASSET MANAGEMENT CORPORATION HEALTH PLAN and ROBBIE L. SEBREN, | § § § § § § § | |
| Defendants. | § | |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Legend Asset Management Corporation, Legend Asset Management Corporation Health Plan, and Robbie L. Sebren, all named as Defendants in this proceeding, pursuant to Rule 12(b)(6), F. R. Civ. P., file this Motion to Dismiss the Plaintiff's Complaint, and respectfully show as follows:

1. This is a suit by which a hospital seeks to recover from its patient's employer (and the alleged administrator(s) of an ERISA health insurance plan), the full amount of the patient's extensive hospital bill, plus statutory penalties for alleged ERISA violations and damages for an alleged statutory breach of fiduciary duty.

2. The theory underlying the Plaintiff's claim for the recovery of benefits due under the subject ERISA health insurance plan (the "Plan") is that the patient should have been considered covered under Plan, also known as a welfare benefit plan, following an election she made under the

Consolidated Omnibus Budget Reconciliation Act ("COBRA") to extend that coverage following the termination of her employment. More specifically, the Plaintiff complains about the decision of Aetna U.S. Healthcare of North Texas, Inc. refusing or denying coverage, and sues only the employer and purported plan administrators, claiming that they caused Aetna to make the decisions the Plaintiff complains about.

2. The law is clear that only a plan beneficiary or participant has independent standing to bring claims of the nature at issue in this case. However, the Fifth Circuit has recognized a limited exception to this rule, allowing assignees of benefits such as healthcare providers, on a derivative basis, to sue for the recovery of such benefits, provided that the ERISA plan at issue does not prohibit such assignments. In this case, the Plan prohibits all assignments, absolutely and unequivocally, so the Plaintiff lacks standing to bring any of the claims it has asserted.

3. Even if the Plaintiff possessed standing to bring one or more of the claims it has asserted in this case[1], the Plaintiff has failed to exhaust mandatory grievance procedures prescribed by the Plan, which it must exhaust before proceeding judicially. To the same extent that Plaintiff claims Plan benefits derivatively through assignment, it must follow Plan mandates regarding recovery of those benefits.

4. The Plaintiff has failed to state any claims upon which relief may be granted. This argument is asserted for the following reasons:

    a. The Plaintiff does not possess standing, as a matter of law, to pursue any of the claims it has asserted;

---

[1] Plaintiff's statutory breach of fiduciary duty claim, under the circumstances presented in this case and in Plaintiff's complaint, is not viable as a matter of law since the purpose of the Plaintiff's suit is to recover benefits which allegedly should have been distributed under the Plan. The Fifth Circuit will not allow such a claim to be recast a breach of fiduciary duty claim.

**MOTION TO DISMISS**      Page 2

    b.    The Plaintiff has failed to exhaust mandatory administrative remedies before bringing suit; and,

    c.    Plaintiff's breach of fiduciary duty claim is not viable, under the circumstances described in its complaint, as a matter of law.

5.    This Motion is supported by a Brief and an Appendix.

For the foregoing reasons, and those discussed in detail in Defendants' Brief in Support of this Motion to Dismiss, the Defendants urge the Court to dismiss the Plaintiff's Complaint, and to grant them such other and further relief which may be appropriate.

Respectfully submitted,

_/s/ Kenneth B. Chaiken_

Kenneth B. Chaiken
State Bar No. 04057800

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 1320
Dallas, Texas 75240
(214) 265-0250
(214) 265-1537 Facsimile

OF COUNSEL:
Beverly B. Godbey
State Bar No. 02068600
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
(214) 999-3000
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on several occasions, I have conferred about the merits of the foregoing Motion to Dismiss with Michael Hood, Plaintiff's counsel of record. We were unable to reach any agreements with regard to the matters presented herein; accordingly, this motion is filed as an opposed motion.

_____
Kenneth B. Chaiken

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served upon all counsel of record by certified mail, return receipt requested, on the __3rd__ day of February, 2004.

_____
Kenneth B. Chaiken

**MOTION TO DISMISS**                                                                                       Page 4