IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 3 2004

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS HOSPITAL, § § § § Plaintiff, § § V. § § LEGEND ASSET MANAGEMENT CORPORATION, LEGEND ASSET MANAGEMENT CORPORATION HEALTH PLAN and ROBBIE L. SEBREN, § § § § § § Defendants/Third-Party Plaintiffs, § § V. § § AETNA HEALTH, INC., SUCCESSOR-IN-INTEREST OR SUCCESSOR-BY-MERGER TO AETNA U.S. HEALTHCARE OF NORTH TEXAS, INC., § § § § § Third-Party Defendant. § | CIVIL ACTION NO. 3-03CV-3040G |

## DEFENDANTS' ORIGINAL THIRD-PARTY COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 14, F. R. Civ. P, Legend Asset Management Corporation ("Legend"), Legend Asset Management Corporation Health Plan ("Plan") and Robbie L. Sebren ("Sebren"), Defendants in this matter now acting as Third-Party Plaintiffs, file this, their Original Third-Party Complaint, complaining of Aetna Health, Inc., successor-in-interest or successor-by-merger to Aetna U.S. Healthcare of North Texas, Inc., Third-Party Defendant, and respectfully show as follows:

## PARTIES AND JURISDICTION

1. The Court has jurisdiction over all of the parties and the subject matter of this suit.

2. Third-Party Defendant Aetna Health, Inc., successor-in-interest or successor-by-merger to Aetna U.S. Healthcare of North Texas, Inc. ("Aetna"), is incorporated pursuant to the laws of the State of Texas and may be served with process by delivering same to its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

## FACTS

3. Defendant Legend is in the business of property management and at all times relevant, provided a health insurance program for its employees.

4. Legend contracted with Aetna to provide the health insurance coverage under and pursuant to the terms and conditions specified in the following documents:

   a. Group Agreement Cover Sheet and Group Agreement between Legend Asset Management Corp. and Aetna effective May 1, 2000;

   b. A Certificate of Coverage issued and executed as part of the Group Agreement; and,

   c. Various Amendments to the Group Agreement.

These documents are collectively referred to as the "Group Agreement."

5. Aetna was obligated to comply with the terms and conditions of the Group Agreement and applicable law. One of its obligations under the Group Agreement and applicable law was to correctly determine the eligibility of Legend's former employees for insurance coverage under the Group Agreement and pursuant to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. Sections 1161-1169 ("COBRA"). Its other obligations involved, among other things, collecting and processing premium payments from eligible participants in the insurance plan created by the Group Agreement in a timely and proper manner, and making timely, objective and legally appropriate

decisions regarding inclusion or exclusion of applicants and/or participants with respect to their rights under the Group Agreement.

6.  The Plaintiff is a hospital that treated Dawn Eddy, a former Legend employee. The Plaintiff, claiming to be an assignee of Eddy's rights under the Group Agreement, has sued Legend, the so-called Plan and Robbie L. Sebren to recover benefits it claims were due and owing to Dawn Eddy under the Group Agreement, and to recover damages for various alleged statutory violations.

7.  There have been a complex and involved series of communications between Aetna, the Defendants, the Plaintiff, the United States Department of Labor, and the Texas Department of Insurance about whether or not Dawn Eddy became, and remained, eligible for coverage under the Group Agreement following the termination of her employment at Legend. Prior to and/or as a result of those communications, there have been several attempted deliveries of premium payments to Aetna by or on behalf of Dawn Eddy, following her purported election to invoke coverage under the Group Agreement and/or pursuant to COBRA, after the termination of her employment at Legend.

8.  Ultimately, on or about March 13, 2003, Aetna declared (in response to Legend's request that Aetna cover Dawn Eddy) that it declined to provide coverage for Dawn Eddy. Aetna further stated that "it bases its decision on the Consolidated Omnibus Budget Reconciliation Act of 1985 and related amendments ("COBRA"), the Aetna/Legend Group Agreement and the Aetna/Legend Certificate of Coverage." Aetna rejected and has returned or refunded all premiums it has received from or on behalf of Dawn Eddy, and Aetna has not changed its decision declining to provide coverage for Eddy under the Group Agreement.

### COUNT ONE: CONTRIBUTION AND INDEMNITY

9.  Third-Party Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this pleading for all purposes.

10. Third-Party Plaintiffs deny all allegations by the Plaintiff that they are liable in any manner to the Plaintiff pursuant to the claims or causes of action which Plaintiff has asserted against them. Third-Party Plaintiffs would show that in the unlikely event that Plaintiff nevertheless prevails on any of its claims against them, Third-Party Plaintiffs are entitled to and now sue Third-Party Defendant for contribution and indemnity for all such liability, including attorney's fees and costs in having to defend against the Plaintiff's claims.

## COUNT TWO: BREACH OF CONTRACT

11. Third-Party Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 10 of this pleading for all purposes.

12. To the extent it is determined that Dawn Eddy was, during the relevant time period, eligible to receive benefits under the Group Agreement which Plaintiff seeks to recover and further, it is determined that Plaintiff has standing to sue for the recovery of such benefits, Third-Party Plaintiffs would show that Aetna breached the terms of the Group Agreement by declining to provide such coverage to or for Eddy.

13. Third-Party Plaintiffs have suffered damages as a direct and proximate result of such breach or breaches, and seek to recover all such damages from Aetna.

14. In addition, the Third-Party Plaintiffs seek to recover reasonable costs and attorney's fees by reason of Aetna's breach or breaches of the Group Agreement, and/or as may be provided by statute.

## PRAYER

WHEREFORE, the Third-Party Plaintiffs respectfully pray that Third-Party Defendant Aetna Health, Inc. be summoned to appear and that following a final hearing or trial, judgment be entered against Third-Party Defendant Aetna Health, Inc., awarding them:

1) contribution and indemnity as prayed for,

2) actual and consequential damages;

3) pre and post judgment interest as provided by law;

4) costs of suit;

5) reasonable attorney's fees; and

6) such other and further relief to which they may be entitled.

Respectfully submitted,

_____
Kenneth B. Chaiken
State Bar No. 04057800
**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 1320
Dallas, Texas 75240
(214) 265-0250
(214) 265-1537 Facsimile

OF COUNSEL:
Beverly B. Godbey
State Bar No. 02068600
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
(214) 999-3000
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Third-Party Complaint was served upon all counsel of record by Certified Mail, Return Receipt Requested, on the 3rd day of May, 2004.

_____
Kenneth B. Chaiken