IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS HOSPITAL, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3-03CV-3040G |
| LEGEND ASSET MANAGEMENT CORPORATION, LEGEND ASSET MANAGEMENT CORPORATION HEALTH PLAN and ROBBIE L. SEBREN, | § § § § § § | |
| Defendants/Third-Party Plaintiffs, | § § | |
| V. | § § | |
| AETNA HEALTH, INC., successor-in-interest or successor-by-merger to AETNA U.S. HEALTHCARE OF NORTH TEXAS, INC., | § § § § § | |
| Third-Party Defendant. | § | |

## LEGEND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Legend Asset Management Corporation, Legend Asset Management Corporation Health Plan, and Robbie L. Sebren, all named as Defendants in this proceeding, pursuant to Rule 56, Fed. R. Civ. P., file this Motion for Summary Judgment seeking the dismissal of all claims and causes brought against them in this action, and respectfully show as follows:

## FACTUAL BACKGROUND

1. This is a suit by which a hospital seeks to recover from its patient's employer (and the alleged administrator(s) of an ERISA health insurance plan), the full amount of the patient's extensive hospital bill, plus statutory penalties for alleged ERISA violations and damages for an alleged statutory breach of fiduciary duty.

2. The theory underlying the Plaintiff's claim for the recovery of benefits due under the subject ERISA health insurance plan (the "Plan") is that the patient should have been considered covered under Plan, also known as a welfare benefit plan, following an election she made under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") to extend that coverage following the termination of her employment. More specifically, the Plaintiff complains about the decision of Aetna U.S. Healthcare of North Texas, Inc. refusing or denying coverage, and sues only the employer and purported plan administrators, claiming that they caused Aetna to make the decisions the Plaintiff complains about.

## LEGAL BASIS

3. The law is clear that only a plan beneficiary or participant has independent standing to bring claims of the nature at issue in this case. However, the Fifth Circuit has recognized a limited exception to this rule, allowing assignees of benefits such as healthcare providers, on a limited derivative basis, to sue for the recovery of such benefits, provided that the ERISA plan at issue does *not* prohibit such assignments. In this case, the Plan prohibits all assignments, absolutely and unequivocally, so the Plaintiff lacks standing to bring any of the claims it has asserted.

4. Even if Plaintiff possesses standing to claim benefits under ERISA, it lacks standing as a matter of law to sue for violations under ERISA. Congress has specifically limited the right to bring claims for ERISA violations to a select group of claimants that does not include healthcare

providers or assignees. Additionally, the assignment at issue only purports to assign "benefits," not claims.

5. Assuming *arguendo* that Plaintiff had standing to sue to recover Plan benefits, premium payments due under COBRA, 29 U.S.C.A. § 1162, were not made timely or in accordance with the terms of the Plan. The patient and Member of the Plan, Dawn Eddy, had an opportunity to make her initial premium payment at the time of her election but failed to do so. Subsequent premium payments made by Plaintiff were made late and to the wrong entity (Aetna vs. her employer).

6. Even if the Plaintiff possesses standing to bring one or more of the claims it has asserted in this case,[1] the Plaintiff failed to exhaust mandatory grievance procedures prescribed by the Plan, which it must exhaust before proceeding judicially. To the same extent that Plaintiff claims Plan benefits derivatively through assignment, it must follow Plan mandates regarding recovery of those benefits.

7. Finally, summary judgment should be granted on behalf of Defendants regarding Plaintiff's claims for the alleged failure to provide information for the reason that Plaintiff made no request for information and, thus, has no authority or standing to make such a claim.

8. This Motion is supported by a Brief and an Appendix, both of which are adopted herein and incorporated by reference the same as if set forth at length herein.

For the foregoing reasons, and those discussed in detail in Defendants' Brief in Support of this Motion for Summary Judgment, the Defendants urge the Court to grant a summary judgment

---

[1] Plaintiff's statutory breach of fiduciary duty claim, under the circumstances presented in this case and in Plaintiff's complaint, is not viable as a matter of law since the purpose of the Plaintiff's suit is to recover benefits which allegedly should have been distributed under the Plan. The Fifth Circuit will not allow such a claim to be recast as a breach of fiduciary duty claim.

on behalf of Movants, dismissing Plaintiff's Complaint, and for such other and further relief which may be appropriate.

Respectfully submitted,

_____
Kenneth B. Chaiken
State Bar No. 04057800
Scott G. Ball
State Bar No. 01639050

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
(214) 265-0250
(214) 265-1537 Facsimile

OF COUNSEL:

Beverly B. Godbey
State Bar No. 02068600
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
(214) 999-3000
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was served upon all counsel of record by Certified Mail, Return Receipt Requested, on the ___17th___ day of June, 2005.

_____
Scott G. Ball