UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL CITY DALLAS HOSPITAL, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | 3:03-CV-3040-G |
| VS. | ) | |
| | ) | |
| LEGEND ASSET MANAGEMENT CORPORATION, ET AL., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| AETNA HEALTH INC., SUCCESSOR-IN-INTEREST OR SUCCESSOR-BY-MERGER TO AETNA U.S. HEALTHCARE OF NORTH TEXAS, INC., | ) ) ) ) ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the third-party defendant, Aetna Health Inc.

("Aetna"), for leave to file a counterclaim against Legend Asset Management

Corporation, Legend Asset Management Corporation Health Plan, and Robbie L.

Sebren (collectively, "Legend").  For the reasons discussed below, the motion is denied.

## I. BACKGROUND

On December 23, 2003, the plaintiff, Columbia Hospital at Medical City Dallas Subsidiary, L.P. ("Medical City"), filed a complaint against Legend in this court seeking recovery of benefits under Legend's healthcare plan.  *See generally* Plaintiff's Original Complaint.  On May 3, 2004, Legend filed a third-party complaint against Aetna.  Defendants' Original Third Party Complaint at 1.  Aetna filed its original answer to the third-party complaint on July 2, 2004.  Aetna Heath Inc.'s Original Answer to Third Party Complaint at 1.  On July 14, 2004, this court entered its scheduling order setting the trial for the court's four-week docket beginning on May 2, 2005.  Order Establishing Schedule and Certain Pretrial Requirements ("Original Scheduling Order") ¶ 2.  Among the deadlines included in the court's scheduling order was a requirement that all amended pleadings were to be filed by October 15, 2004.  *Id.* ¶ 3.  On December 28, 2004, the court amended the scheduling order and reset the trial for the four-week docket beginning on September 6, 2005.  Amended Order Establishing Schedule and Certain Pretrial Requirements ("Amended Scheduling Order") ¶ 2.  However, the deadline regarding the filing of amended pleadings was not amended.  See generally *Id.*

On May 26, 2005, Aetna filed the instant motion for leave to file a counterclaim against Legend. Defendant Aetna Health Inc.'s Motion for Leave to File Counterclaim and Supporting Brief ("Motion for Leave") at 1. On June 17, 2005 and June 22, 2005, all three of the parties filed separate motions for summary judgment. *See generally* Docket Sheet.

## II. ANALYSIS

In support of its motion for leave, Aetna argues that "granting [it] leave to assert its counterclaim against [Legend] will serve to avoid multiple lawsuits arising from the same or similar facts." Motion for Leave ¶ 9. Aetna's counterclaim asserts two claims against Aetna: (1) contribution and indemnity if it is found liable to Medical City in the instant suit and (2) breach of contract. *Id.* ¶ 6. The basis of the breach of contract claim is that Legend owes Aetna $ 7,365.90 under the group health care plan agreement which forms the basis of Medical City's claims against Legend. Defendant Aetna Health Inc.'s Reply Brief in Support of Its Motion for Leave to File Counterclaim ("Reply") ¶ 3. According to the copy of the proposed counterclaim attached as an exhibit to the motion for leave, the unpaid balance became due, at the latest, when Aetna's coverage of Legend's employees terminated in January 2004. Defendant Aetna Health Inc.'s [Proposed] Original Counterclaim at 3, attached to Motion for Leave.

In opposition to Aetna's motion for leave, Legend argues that leave should be denied because the counterclaim is not related to the underlying action and because of Aetna's delay in filing the motion for leave. *See generally* Defendant's Response to Aetna's Motion for Leave to File Counterclaim ("Response"). Legend asserts that the proposed counterclaim is "wholly unrelated to the subject matter of the current litigation," because the unpaid balance is not traceable to any specific employee -- particularly the employee who is the subject of this case. *Id*. at 3. In reply, Aetna argues that "[c]learly, payments made under the Group Agreement are already in dispute," and that granting it leave to file the counterclaim "will serve to avoid multiple lawsuits arising from the same or similar facts." Reply ¶¶ 3-4.

Legend further argues that leave should be denied because of Aetna's delay in seeking leave to file its counterclaim. Response at 4. Aetna joined this lawsuit on July 2, 2004, when it answered the third-party complaint. *Id.* Thus, under the court's scheduling order, Aetna had over three months to amend its answer and assert this counterclaim against Legend. Original Scheduling Order ¶ 3. Instead, Aetna filed the instant motion for leave almost eleven months after it joined this litigation -- and over seven months after the court imposed deadline to amend -- even though it was aware of the alleged unpaid balance in January of 2004. Aetna has offered no explanation for the delay and simply argues that "granting leave . . . will not delay the trial . . . and will not prejudice any party." Reply ¶ 4.

Aetna cites Rule 15(a) of the Federal Rules of Civil Procedure for the proposition that "leave should be freely given when justice so requires."  Motion for Leave ¶ 9, citing FED. R. CIV. P. 15(a).  While this is a correct statement of the general rule regarding amendment of pleadings, "Rule 16(b) governs amendment of pleadings after a [district court's] scheduling order deadline has expired."  *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).  "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'"  *Id.* at 535 (citing FED. R. CIV. P. 16(b)).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Id.* (citing 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *Id.* at 536.  The Fifth Circuit established a test in *S&W Enterprises* for determining whether an untimely motion to amend should be allowed, despite the existence of a scheduling order:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.* at 536 (internal quotations and brackets excluded).

In this case, the first factor weighs against Aetna because it has offered no explanation for its delay in seeking leave to file the counterclaim. The second factor is neutral. While it is important to join claims that may be related to the underlying litigation, see *Jacobson v. Comdata Corporation*, No. 3:03-CV-1426-L, 2004 WL 2847221 at \*4 (N.D. Tex. Dec. 9, 2004) (Lindsay, J.), Aetna's failure to timely raise such simple issues undercuts the importance of the counterclaim. Accordingly, the court does not weigh this factor in the favor of granting or denying leave. The third factor -- potential prejudice to the nonmovant -- weighs against Aetna. Legend may suffer prejudice if a new cause of action is added approximately two months prior to trial (September, 2005), within approximately one month of the close of discovery (July 30, 2005), and after the court-imposed deadline for filing dispositive motions (June 17, 2004). *See* Amended Scheduling Order ¶ 2; Order filed May 13, 2005. Finally, the fourth factor weighs against Aetna. Further continuance of any of the three deadlines above will surely cause delay in the trial setting and/or other pretrial procedures, which have already been continued at least once by this court.

The balance of the factors establishes that Aetna has not shown good cause for the court to excuse its delay in filing its motion for leave. Aetna has not shown that it was diligent in its attempt to file the counterclaim by the deadline established by the court's original scheduling order. Thus, the liberal standard set forth in Rule 15(a) is not applicable. Accordingly, Aetna's motion for leave is denied.

### III.  CONCLUSION

For the reasons set forth above, Aetna's motion for leave to file a counterclaim against Legend is **DENIED**.

**SO ORDERED**.

June 29, 2005.

_____
A. JOE FISH
CHIEF JUDGE